**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | Civil Action No. 4:23-cv-768 |
| v. | § | Judge Mazzant |
| | § | |
| FRISCO INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
| | § | |
|    *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Frisco Police Department's Motion for Judgment on the Pleadings (Dkt. #4). Having considered the motion and the relevant pleadings, the Court finds that the Frisco Police Department's Motion for Judgment on the Pleadings should be **GRANTED**.

**BACKGROUND**

Plaintiff Jane Doe brought suit against Defendants Frisco Independent School District, Frisco Police Department, and John Hoover following criminal activity by Hoover against Doe (*See, generally* Dkt. #2). On August 27, 2023, the Frisco Police Department filed a motion for judgment on the pleadings on the ground that it has no jural existence and cannot be sued (Dkt. #4). Doe did not file a response.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not the delay trial—a party may move for judgment on the pleadings." "A motion

brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry* v. *Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

The capacity of an entity (not including corporations) to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. Proc. 17(b)(3). "Under Texas law, the touchstone is whether the entity has been granted the capacity to sue and to be sued." *Dillon v. Jefferson Cnty. Sheriff's Dep't*, 973 F. Supp. 626, 627 (E.D. Tex. 1997). To sue a city department in Texas, the city department "must enjoy a separate legal existence;" it must be a "separate and distinct corporate entity." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."

*Id.* "A plaintiff has the burden of showing that a ... department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *report and recommendation adopted,* No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

The Frisco Police Department argues that Doe has not alleged any plausible claim against it (Dkt. #4 at p. 4). It asserts "the Frisco Police Department lacks jural existence and cannot be a proper party to this suit" (Dkt. #4 at p. 4). Doe did not present a counterargument because Doe did not file a response.

The Court has previously dismissed claims against the Frisco Police Department where a plaintiff did not allege that the City of Frisco has granted the Frisco Police Department the power to sue or be sued. *Bailey v. Willis*, No. 4:17-cv-276-ALM-CAN, 2018 WL 3321461, at *7 (E.D. Tex. Jan 11, 2018), *report and recommendation adopted,* No. 4:17-cv-276-ALM-CAN, 2018 WL 2126476 (E.D. Tex. May 8, 2018). In *Bailey v. Willis*, the plaintiff brought suit against the Frisco Police Department and other defendants for various claims. *Id.* at *1–2. The Frisco Police Department moved to dismiss the claims against it via a 12(b)(6) motion. *Id.* at *1. The Court granted the Frisco Police Department's motion because the plaintiff failed to allege that the City of Frisco has granted the Frisco Police Department the power to sue or be sued. *Id.* at *7.

Similarly, Doe has failed to allege that the City of Frisco has granted the Frisco Police Department the power to sue or be sued (*See* Dkt. #2). Accordingly, Doe's claims against the

Frisco Police Department "should be dismissed as frivolous and for failing to state a claim." *Bailey*, 2018 WL 3321461, at *7.

## CONCLUSION

It is therefore **ORDERED** that the Frisco Police Department's Motion for Judgment on the Pleadings is hereby **GRANTED.**

Jane Doe's claims against the Frisco Police Department are dismissed with prejudice.

**IT IS SO ORDERED.**

**SIGNED** this 25th day of September, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE